UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT TURNER

    Plaintiff,

      v.

GREG ABBOTT, *et al*,

    Defendants.

Civil Action No. 13-1613 (CKK)

**MEMORANDUM OPINION**
(July 1, 2014)

Plaintiff Scott Turner ("Plaintiff"), who is proceeding *pro se*, filed suit against Greg Abbott, Texas Attorney General, and the Office of the Comptroller of Currency, requesting a declaratory judgment that the Texas non-judicial foreclosure statute, TEX. PROP. CODE Ch. 51, be declared unconstitutional as well as an injunction enjoining Defendants, theirs agents, representatives, and employees from enforcing, threatening to enforce, or otherwise giving effect to the Texas non-judicial foreclosure statute. Presently before the Court is Defendant Greg Abbott's ("Defendant") [4] Motion to Dismiss. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Plaintiff has failed to establish that this Court has personal jurisdiction over Defendant Abbott. Accordingly, Defendant's Motion is GRANTED.

## I.    BACKGROUND

For the purposes of Defendant's Motion to Dismiss, the Court presumes the following facts pled in Plaintiff's Complaint to be true, as required when considering a motion to dismiss.

---

[1] Def.'s Mot. to Dismiss, ECF No. [4]; Pl.'s Opp'n., ECF No. [6]; Def.'s Reply, ECF No. [7].

*See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Plaintiff alleges that he is the owner of land located at 6802 Hot Springs Court in Dallas County, Texas. Compl. ¶ 10. Plaintiff contracted, via the U.S. Department of Housing and Urban Development, with AmericaHomeKey, Inc., for the purchase of this property on or about September 24, 2004. *Id*. ¶ 13. Shortly after the finalization of his loan, Plaintiff alleges that AmericaHomeKey, Inc. securitized the mortgage and the note was transferred to Mortgage Electronic Registration Systems, Inc., who scanned the promissory note and destroyed the original note, creating an "eNote." *Id*. Plaintiff alleges that an "unknown amount of transfers, sells, exchanges, etc." took place subsequently. *Id*. On or about July 12, 2013, US Bank, the last purchaser of Plaintiff's mortgage and note, initiated non-judicial foreclosure proceedings on Plaintiff's property. *Id*. ¶¶ 13, 15.

On October 18, 2013, Plaintiff filed suit against Greg Abbot and the OCC, alleging that the Texas Non-Judicial foreclosure statute, TEX. PROP. CODE. Ch. 51, and forcible detainer statutes, TEX. PROP. CODE. Ch. 24, TEX. R. CIV. P. 746, and TEX. GOV'T CODE § 27.031, are unconstitutional violations of Plaintiff's due process and equal protection rights. *Id*. ¶¶ 21-25. Plaintiff alleges that, together, the statutes have "created an eviction system that is inconsistent, unconstitutional and unfair to defendants in [Texas]." *Id*. ¶ 22. Plaintiff alleges that this action "arises out of the implementation of unconstitutional policies and procedures of Greg Abbott in his official capacity as Attorney General for the State of Texas and the failure of responsible officials in the OCC to implement policies and procedures necessary to protect the procedural due process rights of the Plaintiff." *Id*. ¶ 3. Plaintiff alleges that, as a result of Defendants' "misconduct and failure to act," he faced a "substantially greater risk of losing his home by fraudulent foreclosure practices." *Id*. Plaintiff seeks from this Court a declaratory

judgment that the Texas non-judicial foreclosure statute be declared unconstitutional and an injunction enjoining Defendants, theirs agents, representatives, and employees from enforcing, threatening to enforce, or otherwise giving effect to the Texas non-judicial foreclosure statute. *Id*. at 15.

On January 10, 2014, Defendant Abbott filed a Motion to Dismiss contending that (1) the Court lacks personal jurisdiction over him; (2) Plaintiff lacks standing to bring claims against him; (3) he is immune from suit under the Eleventh Amendment; and (4) Plaintiff failed to state a cause of action upon which relief may be granted. On January 22, 2014, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss and on January 29, 2014, Defendant filed a Reply. Accordingly, Defendant's Motion is now ripe for review. As the Court finds that Plaintiff has failed to establish that the Court has personal jurisdiction over Defendant Abbott, the Court need not discuss Defendant's remaining arguments for dismissal of this case, but shall dismiss this matter on the basis of personal jurisdiction alone.

## II. LEGAL STANDARD

Personal jurisdiction within the District of Columbia may be established under two different provisions: (1) general jurisdiction under D.C. Code § 13-422 (2001); and (2) specific jurisdiction under D.C. Code § 13-423 (2001). The general jurisdiction provision authorizes courts in this jurisdiction to "exercise general personal jurisdiction over a person who is 'domiciled in, organized under the laws of, or maintaining [a] principle place of business in, the District of Columbia as to any claim for relief.'" *Pease v. Burke*, 535 F. Supp. 2d 150, 152 (D.D.C. 2008) (quoting D.C. Code § 13-422). "To establish personal jurisdiction over a non-resident, a court must . . . first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional

3

requirements of due process." *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (quoting *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)). Pursuant to D.C. Code § 13-423, the District's long-arm statute, a court is authorized to exercise specific jurisdiction over a non-resident defendant who, among other things, "acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia; . . . contracting to supply services in the District of Columbia; . . . [or] causing tortious injury in the District of Columbia by an act or omission in the District of Columbia." While general personal jurisdiction permits a court to hear "a suit . . . without regard to the underlying claim's relationship to the defendant's activity" in the forum, specific personal jurisdiction allows only those claims "based on acts of a defendant that touch and concern the forum." *Schwartz v. CDI Japan, Ltd.,* 938 F.Supp. 1, 5 (D.D.C. 1996) (citing *Steinberg v. Int'l Criminal Police Org.,* 672 F.2d 927, 928 (D.C. Cir. 1981)); *see also* § 13–423(b) ("[w]hen jurisdiction over a person is based solely upon [§ 13–423], only a claim for relief arising from acts enumerated in this section may be asserted against him.").

District of Columbia courts have interpreted the District of Columbia's specific jurisdiction provision "to provide jurisdiction to the full extent allowed by the Due Process Clause." *United States v. Ferrara,* 54 F.3d 825, 828 (D.C. Cir. 1995). Accordingly, "the statutory and constitutional jurisdictional questions, which are usually distinct, merge into a single inquiry": would exercising personal jurisdiction accord with the demands of due process? *Ferrara,* 54 F.3d at 828. A court's jurisdiction over a defendant satisfies due process when there are "minimum contacts," *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945), between the defendant and the forum "such that he should reasonably anticipate being

haled into court there," *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). Such minimum contacts must show that "the defendant purposefully avail[ed] [him]self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

In considering a Motion to Dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant. "[T]he general rule is that a plaintiff must make a *prima facie* showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.,* 836 F.2d 1375, 1378 (D.C. Cir. 1988). "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, [he] may rest [his] arguments on the pleadings, 'bolstered by such affidavits and other written materials as [he] can otherwise obtain.'" *Urban Inst. v. FINCON Servs.,* 681 F.Supp.2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden,* 417 F.3d 1, 7 (D.C. Cir. 2005)) (alteration in original). Conclusory statements, however, "[do] not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." *Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 787-88 (D.C. Cir. 1983).

In order to successfully carry its burden, the plaintiff must allege "specific facts that demonstrate purposeful activity by the defendant in the District of Columbia invoking the benefits and protections of its laws." *Helmer v. Doletskaya,* 290 F.Supp.2d 61, 66 (D.D.C. 2003), *rev'd on other grounds,* 393 F.3d 201 (D.C. Cir. 2004). The Court need not treat all of a plaintiff's allegations as true; rather, the Court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.,* 638 F.Supp.2d 1, 6 (D.D.C. 2009) (citation omitted). "In determining

5

whether such a basis exists, factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *Crane v. New York Zoological Soc'y,* 894 F.2d 454, 456 (D.C. Cir. 1990) (citing *Reuber v. United States,* 750 F.2d 1039, 1052 (D.C. Cir. 1984)).

### III. DISCUSSION

In his Motion to Dismiss, Defendant argues that Plaintiff has not demonstrated to the Court that it has personal jurisdiction over Defendant because Plaintiff does not make any allegations about Defendant's contacts with the District of Columbia in his Complaint. Def.'s Mot. at 4. Defendant argues that Plaintiff alleged neither actual contact between Defendant and the District of Columbia, nor any acts from which the Court could conclude Defendant initiated contact with the District of Columbia, and thus has not established any minimum contacts between Defendant and the forum district sufficient to establish personal jurisdiction. *Id*.

After reviewing the Complaint, the Court agrees that Plaintiff has not made any allegations related to Defendant's contacts with the District of Columbia. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss contains one allegation relevant to the Court's exercise of personal jurisdiction over Defendant Abbott. Plaintiff asks the Court to take judicial notice of the fact that Defendant Abbott was among the forty-nine state attorneys general and the attorney general for the District of Columbia who filed suit against Wells Fargo and other banks, in the District of Columbia District Court on March 12, 2012, alleging the banks were engaged in misconduct in making Federal Housing Administration ("FHA") insured mortgage loans. *See United States v. Bank of America*, 922 F. Supp. 2d 1, 3 (D.D.C. 2013), *aff'd*, 2014 WL 2575426 (D.C. Cir. June 10, 2014). In that case, which settled on April 4, 2012, for $25 billion, the United States and state attorneys general complained that some of the banks conducted unfair and deceptive consumer practices and violated several federal laws including

6

the False Claims Act, the Financial Institutions Reform, Recovery and Enforcement Act of 1989, and the Servicemembers Civil Relief Act. *Id*. at 4. Plaintiff alleges that the Court has personal jurisdiction over Defendant because, through this litigation, Defendant "conducted (and currently conducts) contractual business with [the Court], concerning the unlawful fraudulent foreclosure practices by the banks against, inter alia, Texas residents." Pl.'s Opp'n. at 8. The Court finds that the contacts alleged by Plaintiff do not satisfy the requirements of either general or specific jurisdiction.

### A. *Lack of General Jurisdiction*

In the District of Columbia, courts may exercise general personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422; *see Pease*, 535 F. Supp. 2d at 152.

Plaintiff does not allege, and this Court has no reason to believe, that Defendant is domiciled in the District of Columbia. Furthermore, in his Complaint Plaintiff concedes that Defendant maintains his office at 300 W. 15th Street Austin, TX 78701 and does not allege that Defendant has a place of business in the District of Columbia, much less a "principal" place of business in the District. *See* Compl. ¶ 11. Accordingly, there is no basis for the Court to exercise general jurisdiction. *Pease*, 535 F. Supp. 2d at 152 n. 2 (holding that the court could not exercise general jurisdiction where all defendants, including an Assistant Attorney General and an attorney with the Office of Attorney General of Texas, were individuals domiciled in the state of Texas or entities with their principal place of business in Texas).

### B. *Lack of Specific Jurisdiction*

As Plaintiff predicates personal jurisdiction over Defendant based on his participation in

litigation taking place in the District of Columbia, the only viable basis for specific personal jurisdiction in the District is the "transacting any business" clause of the District of Columbia's long-arm statute, D.C. Code § 13–423(a)(1), which provides that a District of Columbia court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13–423(a)(1). To meet the requirements of personal jurisdiction under the "transacting any business" prong of the long-arm statute, the plaintiff must prove "first, that the defendant transacted business in the District of Columbia; second, that the claim arose from the business transacted in D.C.; and third, that the defendant had minimum contacts with the District of Columbia such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Dooley v. United Tech. Corp.,* 786 F.Supp. 65, 71 (D.D.C. 1992) (quoting *Int'l Shoe,* 326 U.S. at 316).

Although Defendant's participation in litigation in the District of Columbia District Court arguably constitutes "transacting business" in the District of Columbia, this Court does not have specific jurisdiction over Defendant because Plaintiff's claim did not arise from the business Defendant transacted in the District. Plaintiff's claims arose from the creation and enforcement of Texas statutes in Texas that Plaintiff believes put him in a position of "substantially greater risk of losing his home." Compl. ¶ 3. The litigation in which Defendant is involved in the District of Columbia District Court involves the alleged misconduct by mortgage lenders in making Federal Housing Administration insured mortgage loans; it in no way involves the Texas foreclosure statutes or their enforcement by the states of Texas presently at issue before this Court. Accordingly, as Defendant's involvement in litigation in the District of Columbia against several major banks is not the action from which Plaintiff's claim arose, Plaintiff has failed to

allege any contacts with the District which could form the basis of this Court's specific jurisdiction over Defendant under § 13-423(a)(1).

In any event, Defendant's alleged contacts with the District of Columbia do not meet the "minimum contacts" requirements of constitutional due process. "The minimum contacts test described by the Court in *International Shoe Co.* focuses on the reasonableness of pursuing the litigation in the forum." *Dooley*, 786 F.Supp. at 72. The Court "must insure that the defendant's conduct and connection with the forum 'are such that he should reasonably anticipate being hauled into court there.'" *Marshall v. Labor & Indus., State of Washington,* 89 F.Supp.2d 4, 9 (D.D.C. 2000) (citing *World–Wide Volkswagen Corp.,* 444 U.S. at 297). In judging minimum contacts, a court must consider "the relationship among the defendant, the forum, and the litigation." *Mizlou Television Network, Inc. v. National Broadcasting Co*., 603 F. Supp. 677, 581 (D.D.C 1984) (citing *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770 (1984)). The Court does not find it reasonable to assume that Defendant, by pursuing litigation in the District of Columbia related to claims against a specific set of banks, anticipated, as a result, being pulled into this forum to litigate entirely unrelated claims. Moreover, participating in one lawsuit is far from the amount and frequency of contacts that the Supreme Court had in mind in developing the minimum contacts test. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985) (holding that Michigan resident who had entered into a franchise agreement by mail with Burger King's Florida headquarters, had accepted "the long-term and exacting regulation of his business from Burger King's Miami headquarters" and that his breach of his contractual obligations to make payments in Miami "caused foreseeable injuries to the corporation in Florida."); *Travelers Health Ass'n v. Com. of Va. Ex rel. State Corp. Com'n,* 339 U.S. 643, 648 (1950) (Travelers Health had created continuing obligations with respect to Virginia residents whom it insured

through mail order health insurance business and had availed itself of the Virginia courts to seek their enforcement). Accordingly, the Court finds Plaintiff has failed to establish that this Court has specific personal jurisdiction over Defendant Abbott in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to carry his burden of establishing that this Court can exercise personal jurisdiction over Defendant Abbott. Accordingly, Defendant Abbott's [4] Motion to Dismiss is GRANTED and Plaintiff's claims against Defendant Abbott are DISMISSED WITHOUT PREJUDICE.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE